UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DENISE ELIZABETH ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:11-CV-151 |
| | ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b)

of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's Motion For

Summary Judgment [Doc. 9], and the defendant's Motion For Summary Judgment. [Doc. 11].

Plaintiff Denise E. Roy ("Roy") seeks judicial review of the decision of the Administrative Law

Judge ("ALJ"), the final decision of the defendant Commissioner.


## I.       BACKGROUND

Plaintiff was 54 years of age when the ALJ issued the Decision in January, 2010 (Tr. 24, 33).

Roy graduated high school and attended approximately two years of college (Tr. 35).  She has work

experience as a drug and alcohol counselor (Tr. 36).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision have been set forth in the memoranda of the parties, are not in dispute [Doc. 10; Doc. 12], and need not be repeated here.

## II.    DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts

to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is

work available in the national economy that the claimant could perform. Her v. Comm'r of Soc.

Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).


III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled

pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the

correct legal standards and whether the findings of the ALJ are supported by substantial evidence."

Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d

270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are

supported by substantial evidence in the record, his decision is conclusive and must be affirmed.

3

Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the

4

merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." <u>Wilson</u>, 378 F.3d

at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by

substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard.

<u>See</u> <u>id.</u> at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. <u>Boyes v. Sec'y.</u>

<u>of Health & Human Servs.</u>, 46 F.3d 510, 512 (6th Cir. 1994) (citing <u>Halsey v. Richardson</u>, 441 F.2d

1230 (6th Cir. 1971)).

## IV.    POSITIONS OF THE PARTIES

Roy alleges that she has been disabled and unable to work since April, 2008. However, she

says that the disabling illness, gastroparesis[1], began a year earlier. Roy testified that she stopped

working because her "gastroparesis was acute at that point" (Tr. 38). Roy said that she had

regurgitation three or four times a day, immediately after eating (Tr. 41). Roy also alleges that

glaucoma causes her to be "sensitive to light" and have "blurred vision"; however, she also testified

that "everything is corrected with glasses" (Tr. 43). It also causes headaches when "reading or on

a computer screen" (Tr. 53).

The ALJ found a residual functional capacity (RFC) to lift and carry up to 10 pounds

occasionally, consistent with the performance of sedentary work, limited to no more than 10 to 20

minutes of standing or walking at a time, but with unlimited sitting. The ALJ imposed several

---

[1]The parties agree that Gastroparesis is a disorder in which the stomach takes too long to empty its contents. This can cause vomiting, acid reflux and other symptoms.

postural limitations, and limited Plaintiff to jobs that provide access to a restroom immediately following lunch. Based on this RFC, and other appropriate factors specific to Plaintiff, the vocational expert testified that Roy's prior employment as a drug and alcohol counselor was skilled and sedentary and that she could return to that work[2] (Tr. 57).

The Commissioner asserts that substantial evidence supports the RFC found by the ALJ, and the ALJ's conclusion of not disabled.

The Plaintiff raises four objections to the Decision. This Court will address them in turn.

### 1. Evaluation of Plaintiff's Treating Physicians

The Plaintiff argues that the ALJ should have given substantial weight to three letters, two written by medical doctors, Dr. Baciocco and Dr. Fox, and one by a nurse practitioner. The Court finds, however, that Dr. Baciocco's letter, written before Plaintiff's alleged disability onset is not a medical opinion under the regulations. Dr. Baciocco did not discuss specific work related limitations resulting from Plaintiff's impairments (Tr. 22). Moreover, Dr. Baciocco's statements clearly relied on Plaintiff's subjective complaints of nausea and vomiting, not on any clinical or objective findings: "at this point, she subjectively feels that she is unable to work further" (Tr. 197). The ALJ's decision to give this letter little weight is not error. Smith v. Commissioner of Social Security, 482 F.3d 873, 877 (6th Cir. 2007).

---

[2]The vocational expert also opined that Roy could return to her past work as a data entry clerk, although the expert noted that this work was done in 1994-1995, and thus, in part, was beyond the 15 year period (Tr. 55-57).

The letter written by a nurse practitioner, Ms. Pomeroy, states that Roy has gastroparesis, and that "rehabilitation" would not help this condition (Tr. 314). In an evaluation form, Pomeroy states that Roy can sit for only four hours a day in a general workplace environment (Tr. 313). The ALJ properly gave this assessment little weight. The ALJ correctly noted that Roy's medical record contained scant objective findings after her alleged disability onset date, and moreover, those that do exist do not support such a restriction on sedentary work (Tr. 18-20). In addition, the opinions of medical doctors conflicted with Pomeroy's restrictive assessment (Tr. 300-304), as did Roy's testimony.

Dr. Fox's letter, dated almost a year before Roy's alleged onset date of disability, simply reported that Roy had a gastric emptying study done. This study showed that Roy did have "moderate delay in gastric emptying" (Tr. 193). The ALJ correctly noted that the Fox letter did not address the severity of Roy's illness, whether it would affect her ability to work, or whether she had any work-related restrictions (Tr. 20). The ALJ properly gave the Fox letter little weight.

## 2.     **Evaluation of Plaintiff's Glaucoma**

The Court finds that the ALJ properly evaluated Roy's glaucoma. Plaintiff failed to show that glaucoma interfered with her ability to work beyond the limitations found by the ALJ. Although Roy complained of visual limitations from glaucoma, the ALJ found that her reported limitations conflicted with the medical evidence of record (Tr. 15). Roy's vision was measured and was adequate to have a driver's license (Tr. 313). Roy said that glasses corrected her vision problems (Tr. 43).

### 3.     **The Effects of Plaintiff's Vomiting**

The Plaintiff argues that the ALJ should have given greater weight to her complaints of vomiting after meals. However, with regard to Roy's vomiting from her gastroparesis, the ALJ did account for her need to have access to the bathroom after meals (Tr. 17, 22, 56). The ALJ included that requirement in Roy's RFC, and also in the hypothetical to the vocational expert. The expert testified that such a restriction, or requirement, would not prohibit Roy from working (Tr. 57). The Court finds that the ALJ committed no error on this issue.

### 4.     **Past Relevant Work**

The Court finds that the ALJ properly evaluated the Plaintiff's ability to perform past relevant work as a counselor. Plaintiff objects to the ALJ also concluding that she could do her past work as a data entry clerk, based on the assertion that the work occurred outside of the fifteen year limitation period. Any error on this latter finding, however, is harmless error, because the Plaintiff's past work as a counselor plainly was within the appropriate time frame for past relevant work. There is no basis for remand on this issue. Rabbers v. Commissioner of Social Security, 582 F.3d 647, 657-61 (6th Cir. 2009).

Wherefore, the Court finds that substantial evidence supports the ALJ's Decision in this case.

8

It is **RECOMMENDED** that the Plaintiff's Motion For Summary Judgment [Doc. 9] be

**DENIED** and that the Defendant's Motion For Summary Judgment [Doc. 11] be **GRANTED**.[3]

Respectfully submitted,

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

_____

[3]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

9